```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
   _____

   JACK PAYNTER,                         1:20-cv-09458-NLH-KMW

              Plaintiff,

         v.                              OPINION

   YANNIS KARAVIA LLC and JK
   HARVESTING LIMITED LIABILITY
   COMPANY,

              Defendants.
   _____
```

**APPEARANCES**:

MARK JAFFE
MCCANN & WALL LLC
TWO PENN CENTER
SUITE 1110
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102

    *On behalf of Plaintiff*

BRIAN MCEWING
REEVES MCEWING LLP
10 ANDREWS LANE
P.O. BOX 599
DORCHESTER, NJ 08316-0599

    *On behalf of Defendants*

**HILLMAN**, **District Judge**

    This matter comes before the Court on Defendants Yannis Karavia LLC and JK Harvesting Limited Liability Company's motion to dismiss Plaintiff Jack Paynter's claims, due to failure to replace Plaintiff, who is recently deceased, with a new plaintiff to further prosecute this action.  For the reasons

expressed below, the motion will be granted, and this case will be dismissed.

**BACKGROUND**

In July 2017, Plaintiff was employed as a seaman by Defendants, as a member of the crew of the F/V MELISSA K. On July 29, 2017, Plaintiff "fell from the top of the clam cages down onto the vessel's work deck approximately six feet below and as a result sustained personal injuries, including without limitation severe and permanent injuries to his arm, shoulder, neck and back." (ECF No. 1 at ¶ 11).

On July 27, 2020, Plaintiff filed this complaint, alleging a series of claims against both Defendants under general maritime law and the Jones Act, 46 U.S.C., §30104, et seq. (ECF No. 1). Defendants filed an Answer to the complaint on August 28, 2020. (ECF No. 3). Judge Williams then scheduled an Initial Conference with the parties to discuss scheduling and discovery for October 22, 2020. (ECF No. 6).

However, the day before the conference, Plaintiff's counsel filed a letter to the Court informing it that Plaintiff had died earlier that month. (ECF No. 8). According to counsel, Plaintiff's widow was informed that Plaintiff's claims survived his death, and asked to contact counsel when she was prepared to speak regarding her husband's claims.

Finally, on April 28, 2020, Defendants filed the present motion to dismiss, contending that the complaint should be dismissed for failure to replace the deceased plaintiff and for failure to prosecute. (ECF No. 13). In response, the attorneys Plaintiff had employed prior to this death filed a letter and affidavit attesting that despite having informed Plaintiff's widow of the need to have an executor appointed to replace Plaintiff in this action if they wished to pursue his surviving claims, they had not heard from her, or any executor or representative of Plaintiff's estate, since December 2020. (ECF No. 14). Accordingly, they stated that they could "only take the position that we have no factual or legal basis to oppose the Defendants' Motion." Id. Defendants' counsel then filed a letter further supporting their motion, stating that with no opposition having been posed, the motion should be granted. (ECF No. 15). The time for filing briefs in support or opposition to the motion has since passed, and the motion is therefore ripe for adjudication.

## DISCUSSION

### I. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### II. Analysis

Defendants seek dismissal of Plaintiff's claims both for

3

failure to file a motion for substitution of the deceased plaintiff under Federal Rule of Civil Procedure 25(a)(1) and for failure to prosecute under Rule 41(b). As the Court finds that Plaintiff's claims must be dismissed pursuant to Rule 25, it will not address Defendants' separate argument regarding failure to prosecute.

Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." However, it further mandates that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed," although that 90-day period may be extended by a court under Fed. R. Civ. P. 6(b). <u>Indyk v. Experian Information Solutions, Inc.</u>, 2006 WL 1582093, at *1 (D.N.J. June 2, 2006).

Rule 25's language is both clear and mandatory: if a motion for substitution is not made within 90 days after service of a statement noting the death of the plaintiff, then the Court must dismiss the action. Here, Plaintiff's counsel filed a letter noting the death of Plaintiff on October 21, 2020 — more than seven months ago. Not only has no motion for substitution or request for an extension of time been filed, but counsel have informed the Court that they have not heard from any

4

representative of Plaintiff's estate in over five months, and have no basis for opposing this motion.  Accordingly, because no motion for substitution pursuant to Rule 25 has been filed within 90 days of notice of Plaintiff's death and no basis to extend the time under Rule 6(b) for good cause has been proffered, the plain language of Rule 25 applies and Plaintiff's claims will be dismissed.

## **CONCLUSION**

For the reasons expressed above, Defendant's motion to dismiss (ECF No. 13) will be granted.

An appropriate Order will be entered.


Date: June 22, 2021                    /s Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.